# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| MICHAEL ALONZA RUFUS, : | |
| : | |
| Petitioner : | |
| : | |
| VS. : | |
| : | |
| STATE OF GEORGIA, : | NO. 3:11-CV-40 (CAR) |
| : | |
| Respondent : | |
| _____ : | **O R D E R** |

On March 15, 2011, the undersigned ordered that petitioner **MICHAEL ALONZA RUFUS'S** state criminal case not be removed to this Court under 28 U.S.C. § 1441 and instead be remanded to the Magistrate Court of Walton County. The Court has subsequently received three motions in which petitioner continues to request removal (Tab #s 5-7). Although most of petitioner's arguments are unintelligible, he now asserts that removal is proper under 28 U.S.C. § 1443.

Section 1443(1) provides for removal of state criminal prosecutions in order to protect the defendant's rights to racial equality. Removal under section 1443(1) must satisfy a two prong test. ***Johnson v. Mississippi***, 421 U.S. 213, 219 (1975). "First, a petitioner must show the deprivation of a right that 'arises under a federal law providing for specific civil rights stated in terms of racial equality.'" ***Gober v. State of Georgia***, No. 1:06-CV-0728-TWT, 2006 U.S. Dist. LEXIS 24796 at * 4 (N.D. Ga. Apr. 17, 2006) (quoting ***Johnson***, 421 U.S. at 219-20). As to this prong, "broad assertions under the Equal Protection Clause or 42 U.S.C. § 1983 are insufficient to support a valid

claim of removal because racial equality rights do not include rights of general application." ***Hurt-Whitmire v. Georgia***, 336 Fed. App'x 882, 884 (11th Cir. July 7, 2009) (citing ***Alabama v. Conley***, 245 F.3d 1292, 1295 (11th Cir. 2001)).

"Second, the deprivation generally must 'be manifest in a formal expression of state law.'" *Id*. (quoting ***Johnson***, 421 U.S. at 219-20). An example would be a state law that provides for "African Americans to be criminally prosecuted for trespass for having entered a public restaurant." *Id*. Therefore, section 1443(1) "safeguards against States prosecuting persons for having exercised their federally protected civil right to racial equality." *Id*. at * 4-5 (citing ***Georgia v. Rachel***, 384 U.S. 780, 791 (1966)).

In the instant case, petitioner has not satisfied either prong of the above test. He "does not allege that he is being prosecuted for exercising a federally protected civil right to racial equality." *Id*. at *5. Moreover, petitioner does not cite any formal state law as the basis for the deprivation.

Section 1443(1) is interpreted very narrowly to operate only in extraordinary circumstances. As the Supreme Court held in ***City of Greenwood v. Peacock***, 384 U.S. 808, 827-28 (1966):

> It is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court. The motives of the officers bringing the charges may be corrupt, but that does not show that the state trial court will find the defendant guilty if he is innocent, or that in any other manner the defendant will be "denied or cannot enforce in the courts" of the State any right under a federal law providing for equal civil rights. The civil rights removal statute does not require and does not permit the judges of the federal courts to put their brethren of the state judiciary on trial. Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

Such extraordinary circumstances are not present in this case.

Removal under 28 U.S.C. § 1443(2) is likewise inappropriate. Defendants who may obtain relief under section 1443(2) are "limited to federal officers and those authorized to act for them or under them." ***Varney v. State***, 446 F.2d 1368, 1369 (5th Cir.1971) (citing ***City of Greenwood***, 384 U.S. at 814-15).

In light of the foregoing, petitioner's motions are **DENIED**.

**SO ORDERED**, this 24th day of March, 2011.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

cr